UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | |
|---|---|
| TEMPUR-PEDIC MANAGEMENT, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SIMMONS BEDDING COMPANY, THE SIMMONS MANUFACTURING CO., LLC, IR SPECIALTY FOAM, LLC, SEALY CORPORATION, CARPENTER CO., SERTA, INC., SERTA RESTOKRAFT MATTRESS CO., CLASSIC SLEEP PRODUCTS, INC., ANATOMIC GLOBAL, INC., BRAGADA, INC., SLEEP PRODUCTS, INC., ENGLANDER SLEEP PRODUCTS, LLC, WORLD SLEEP PRODUCTS, INC., ESSENTIA U.S.A., LLC, JEFFCO FIBRES, INC., SPIRIT SLEEP PRODUCTS, LLC, and WCW, INC. <br><br> Defendants. | CIVIL ACTION NO. |

## COMPLAINT AND JURY DEMAND

Now come Plaintiffs Tempur-Pedic Management, Inc. and Tempur-Pedic North America,

LLC (collectively, "Plaintiffs") and for their Complaint allege as follows:

## THE PARTIES

### Plaintiff Tempur

1.     Plaintiff Tempur-Pedic Management, Inc. ("TPMI") is a corporation organized

and existing under the laws of the State of Delaware with its principal place of business located

in Lexington, Kentucky.   TPMI's East Coast manufacturing facility is located in Duffield, Virginia.

2.       Plaintiff Tempur-Pedic North America, LLC ("TPNA") is a Delaware limited liability corporation with its principal place of business located in Lexington, Kentucky. Tempur-Pedic Sales, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Lexington, Kentucky, is the sole member of TPNA.

## Defendant Simmons

3.       Upon information and belief, Defendant Simmons Bedding Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Concourse Parkway, Suite 800, Atlanta, Georgia.

4.       Upon information and belief, Defendant The Simmons Manufacturing Co., LLC (Simmons Bedding Company and The Simmons Manufacturing Co., LLC together, "Simmons") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Concourse Parkway, Suite 800, Atlanta, Georgia.

5.       Simmons manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

## Defendant IR Specialty Foam

6.       Upon information and belief, Defendant IR Specialty Foam, LLC ("IR Specialty Foam") is a limited liability company organized and existing under the laws of the State of Washington with its principal place of business located at 2102 51st Avenue East, Suite 200, Fife, Washington.

7.    IR Specialty Foam manufactures mattresses incorporating viscoelastic foam materials that are sold under Simmons' trademark(s).

### Defendant Sealy

8.    Upon information and belief, Defendant Sealy Corporation ("Sealy") is a corporation organized under the laws of the State of Delaware with its principal place of business located at Sealy Drive, One Office Parkway, Trinity, North Carolina.

9.    Sealy manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

### Defendant Carpenter

10.    Upon information and belief, Defendant Carpenter Co. ("Carpenter") is a corporation organized under the laws of the State of Virginia with its principal place of business located at 5016 Monument Avenue, Richmond, Virginia.

11.    Carpenter manufactures mattresses incorporating viscoelastic materials which are sold employing Sealy's trademark(s).

### Defendant Serta

12.    Upon information and belief, Defendant Serta, Inc. ("Serta") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 5401 Trillium Boulevard, Suite 250, Hoffman Estates, Illinois.

13.    Serta manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

**Defendant Serta Restokraft**

14.     Upon information and belief, Defendant Serta Restokraft Mattress Co., Inc. ("Serta Restokraft") is a corporation organized under the laws of the State of Michigan with its principal place of business located at 38025 Jay Kay Drive, Romulus, Michigan.

15.     Serta Restokraft manufactures mattresses incorporating viscoelastic foam materials that are sold under Serta's trademark(s).

**Defendant Classic Sleep Products**

16.     Upon information and belief, Defendant Classic Sleep Products, Inc. ("Classic Sleep Products") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 8214 Wellmoor Court, Jessup, Maryland.

17.     Classic Sleep Products manufactures and/or sells mattresses incorporating viscoelastic foam materials.

**Defendant Anatomic**

18.     Upon information and belief, Defendant Anatomic Global, Inc. ("Anatomic") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1241 Old Temescal Road, Corona, California.

19.     Anatomic manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

**Defendant Bragada**

20.     Upon information and belief, Defendant Bragada, Inc. ("Bragada") is a corporation organized under the laws of the State of New York with its principal place of business located at 8 Raymond Avenue, Poughkeepsie, New York.

21.    Bragada manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

### Defendant Sleep Products

22.    Upon information and belief, Defendant Sleep Products, Inc. ("Sleep Products") is a corporation organized under the laws of the State of Kentucky with its principal place of business located at 901 Park Place, P.O. Box 968, New Albany, Indiana.

23.    Sleep Products manufactures mattresses incorporating viscoelastic foam materials that are sold under Bragada's trademark(s).

### Defendant Englander

24.    Upon information and belief, Defendant Englander Sleep Products, LLC ("Englander") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 3428 West 48th Place, Chicago, Illinois.

25.    Englander manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

### Defendant World Sleep Products

26.    Upon information and belief, Defendant World Sleep Products, Inc. ("World Sleep Products") is a corporation organized under the laws of the State of Massachusetts with its principal place of business located at 12 Esquire Road, North Billerica, Massachusetts.

27.    World Sleep Products manufactures mattresses incorporating viscoelastic foam materials that are sold under Englander's trademark(s).

**Defendant Essentia**

28.     Upon information and belief, Defendant Essentia U.S.A., LLC ("Essentia") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 10 Stage Door Road, Fishkill, New York.

29.     Essentia manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

**Defendant Jeffco**

30.     Upon information and belief, Defendant Jeffco Fibres, Inc. ("Jeffco") is a corporation organized under the laws of the State of Massachusetts with its principal place of business located at 12 Park Street, P.O. Box 816, Webster, Massachusetts.

31.     Jeffco manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

**Defendant Spirit Sleep**

32.     Upon information and belief, Defendant Spirit Sleep Products, LLC ("Spirit Sleep") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at 26 Old Brevard Road, Asheville, North Carolina.

33.     Spirit Sleep manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

**Defendant WCW**

34.     Upon information and belief, Defendant WCW, Inc. ("WCW") is a corporation organized and existing under the laws of the State of Vermont with its principal place of business located at P.O. Box 215, Hoosick Falls, New York.

35.     WCW, Inc. manufactures and/or sells mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

36.     Defendants Simmons, IR Specialty Foam, Sealy, Carpenter Co., Serta, Serta Restokraft, Classic Sleep Products, Anatomic, Bragada, Sleep Products, Englander, World Sleep Products, Essentia, Jeffco, Spirit Sleep, and WCW are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

37.     Jurisdiction of this Court is founded upon 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the patent laws of the United States.

38.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

39.     TPMI and TPNA are in the business of selling mattresses, cushions, pillows and other products incorporating viscoelastic foam materials.

40.     TPMI is the owner by assignment of United States Letters Patent No. 7,507,468 (the "'468 Patent"), entitled "Laminated Visco-Elastic Support," which was duly and legally issued by the United States Patent and Trademark Office on March 24, 2009. A copy of the '468 Patent is attached hereto as **Exhibit A**.

41.     The '468 Patent grants TPMI the exclusive right to make, use, offer for sale, sell and import products incorporating the inventions claimed therein.

42.     TPMI has granted TPNA a license to sell in the United States products incorporating the inventions claimed in the '468 Patent.

43.     TPNA's commercial mattresses incorporating the teachings of the '468 Patent have become the gold standard in the market and, therefore, are in high demand.

44.     Upon information and belief, each of the Defendants were aware of TPNA's commercial products made in accordance with the '468 Patent as well as the tremendous success and reputation that TPNA products enjoy in the market place.

45.     Upon information and belief, each of the Defendants sought to exploit the success and reputation enjoyed by TPNA's products that incorporate the inventions claimed in the '468 Patent.

46.     Upon information and belief, each of the Defendants regularly transact business in the Commonwealth of Virginia and in this judicial district by, among other things, the demonstration, offer for sale and sale of products meeting the limitations set forth in the claims of the '468 Patent.

## COUNT ONE - INFRINGEMENT OF THE '468 PATENT – SIMMONS

47.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 46, *supra*, as though fully set forth herein.

48.     Simmons has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the NxG 250 Firm and ComforPedic Original lines of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

49.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT TWO - INFRINGEMENT OF THE '468 PATENT – IR SPECIALTY FOAM

50.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 49, *supra*, as though fully set forth herein.

51.     IR Specialty Foam has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including Simmons's ComforPedic Original line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

52.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT THREE - INFRINGEMENT OF THE '468 PATENT – SEALY

53.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 52, *supra*, as though fully set forth herein.

54.     Sealy has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

55.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT FOUR - INFRINGEMENT OF THE '468 PATENT – CARPENTER

56.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 55, *supra*, as though fully set forth herein.

57.     Carpenter has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including Sealy's Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

58.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT FIVE - INFRINGEMENT OF THE '468 PATENT – SERTA

59.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 58, *supra*, as though fully set forth herein.

60.     Serta has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Vera Wang Serenity Collection Serene Signature Visco line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

61.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT SIX - INFRINGEMENT OF THE '468 PATENT – SERTA RESTOKRAFT

62.    Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 61, *supra*, as though fully set forth herein.

63.    Serta Restokraft has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including Serta's Vera Wang Serenity Collection Serene Signature Visco line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

64.    Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT SEVEN - INFRINGEMENT OF THE '468 PATENT – CLASSIC SLEEP PRODUCTS

65.    Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 64, *supra*, as though fully set forth herein.

66.    Classic Sleep Products has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

67.    Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT EIGHT - INFRINGEMENT OF THE '468 PATENT – ANATOMIC

68.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 67, *supra*, as though fully set forth herein.

69.     Anatomic has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the BioGreen Memory Foam line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

70.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT NINE - INFRINGEMENT OF THE '468 PATENT – BRAGADA

71.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 70, *supra*, as though fully set forth herein.

72.     Bragada has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Vienna line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

73.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT TEN - INFRINGEMENT OF THE '468 PATENT – SLEEP PRODUCTS

74.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 73, *supra*, as though fully set forth herein.

75.    Sleep Products has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including Bragada's Vienna line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

76.    Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT ELEVEN - INFRINGEMENT OF THE '468 PATENT – ENGLANDER

77.    Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 76, *supra*, as though fully set forth herein.

78.    Englander has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Classic Memory Foam Mars 9" Classic line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

79.    Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## COUNT TWELVE - INFRINGEMENT OF THE '468 PATENT – WORLD SLEEP PRODUCTS

80.    Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 79, *supra*, as though fully set forth herein.

81. World Sleep Products has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including Englander's Classic Memory Foam Mars 9" Classic line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

82. Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

**COUNT THIRTEEN - INFRINGEMENT OF THE '468 PATENT – ESSENTIA**

83. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 82, *supra*, as though fully set forth herein.

84. Essentia has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Pure line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

85. Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

**COUNT FOURTEEN - INFRINGEMENT OF THE '468 PATENT – JEFFCO**

86. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 85, *supra*, as though fully set forth herein.

87. Jeffco has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Angel Bed line of products, that infringe one or more claims of the '468

Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

88.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

**COUNT FIFTEEN - INFRINGEMENT OF THE '468 PATENT – SPIRIT SLEEP**

89.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 88, *supra*, as though fully set forth herein.

90.     Spirit Sleep has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the Elegance line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '468 Patent by others.

91.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

**COUNT SIXTEEN - INFRINGEMENT OF THE '468 PATENT – WCW**

92.     Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 91, *supra*, as though fully set forth herein.

93.     WCW has infringed and continues to infringe, both directly and indirectly, one or more claims of the '468 Patent by making, using, offering for sale, selling, and/or importing products, including the My Natural Foam Memory Foam 1000 line of products, that infringe one or more claims of the '468 Patent, as well as inducing others to infringe one or more claims of the '468 Patent, and/or contributing to infringement of one or more claims of the '486 Patent by others.

94.     Plaintiffs have been, and will continue to be, damaged by the infringement of the '468 Patent and will be irreparably damaged unless such infringement is enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter judgment against each of the Defendants, individually, as follows:

A.     That this Court find that each of the Defendants have infringed, directly and/or indirectly one or more claims of the '468 Patent;

B.     That this Court preliminarily and permanently enjoin, pursuant to 35 U.S.C. § 283, each of the Defendants, their officers, agents, attorneys and employees, as well as those acting in privity or concert with any of the foregoing, from further infringement of the '468 Patent for the full term of the '468 Patent;

C.     That this Court award damages to Plaintiffs, including pre-judgment and post-judgment interest, in an amount adequate to compensate Plaintiffs for each of the Defendants' infringement of one or more claims of the '468 Patent; and

D.     That this Court award Plaintiffs their respective costs, expenses, attorneys' fees and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all matters and issues triable by a jury.

Dated:  June 10, 2009

                                           Respectfully submitted,

                                           TEMPUR-PEDIC MANAGEMENT, INC.
                                           and
                                           TEMPUR-PEDIC NORTH AMERICA, LLC

                                           By Counsel

_/s/  Wade W. Massie_
Wade W. Massie
VSB No. 16616
Penn, Stuart & Eskridge
208 E. Main Street
Abingdon, VA 24210
Phone: (276) 628 5151
Fax:    (276) 628-5621

Victor H. Polk, Jr.
BBO#546099
(*pro hac vice* application to be filed)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Phone: (617) 310-6000
Fax:    (617) 310-6001

Kevin J. O'Shea
(*pro hac vice* application to be filed)
Greenberg Traurig, LLP
77 West Wacker Drive
Chicago, IL  60601
Phone: (312) 456-8400
Fax:    (312) 456-8435

Attorneys for Plaintiffs Tempur-Pedic Management, Inc. and
Tempur-Pedic North America, LLC