UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | |
|---|---|
| TEMPUR-PEDIC MANAGEMENT, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SIMMONS BEDDING COMPANY, THE SIMMONS MANUFACTURING CO., LLC., IR SPECIALTY FOAM, LLC, SEALY CORPORATION, CARPENTER CO., SERTA, INC., SERTA RESTORKRAFT MATTRESS CO., CLASSIC SLEEP PRODUCTS, INC., ANATOMIC GLOBAL, INC., BRAGANDA, INC., SLEEP PRODUCTS, LLC, WORLD SLEEP PRODUCTS, INC., ESSENTIA U.S.A., LLC, JEFFCO FIBRES, INC., SPIRIT SLEEP PRODUCTS, LLC and WCW, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:09-CV-00032-JPJ-PMS |

## SEALY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Sealy Corporation ("Sealy") responds to the Complaint and Jury Demand ("Complaint") filed by Plaintiffs Tempur-Pedic Management, Inc. and Tempur-Pedic North America, LLC (collectively, "Plaintiffs") as follows:

To the extent not specifically admitted in the following numbered paragraphs, the allegations of the Complaint are denied.

### THE PARTIES

### Plaintiff Tempur

1.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies those allegations.

2.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies those allegations.

**Defendant Simmons**

3.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies those allegations.

4.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies those allegations.

5.      Sealy admits that Simmons sells mattresses and pillows.  Sealy lacks knowledge or information sufficient to form a belief as to the truth of the remain allegations of Paragraph 5 and therefore denies those allegations.

**Defendant IR Specialty Foam**

6.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies those allegations.

7.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies those allegations.

**Defendant Sealy**

8.      Admitted.

9.      Sealy admits that it manufactures and sells mattresses that use foams having both viscous and elastic characteristics.  However, Sealy denies that any mattresses that it makes or sells containing foam having viscous and elastic characteristics infringe any valid claim of U.S. Patent No. 7,507,468 ("'468 Patent").  Sealy denies the remaining allegations of Paragraph 9.

**Defendant Carpenter**

10.     Admitted.

- 2 -

11.    Sealy admits that Carpenter manufactures polyurethane foam cores that are incorporated into mattresses sold under one or more of Sealy's trademarks, and that these mattresses use foams having both viscous and elastic characteristics.  However, Sealy denies that any such mattresses infringe any valid claim of the '468 Patent.  Sealy denies the remaining allegations of Paragraph 11.

### Defendant Serta

12.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies those allegations.

13.    Sealy admits that Serta sells mattresses.  Sealy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore denies those allegations.

### Defendant Serta Restokraft

14.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the remain allegations of Paragraph 15 and therefore denies those allegations.

### Defendant Classic Sleep Products

16.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies those allegations.

17.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

**Defendant Anatomic**

18.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

19.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

**Defendant Bragada**

20.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies those allegations.

**Defendant Sleep Products**

22.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations.

23.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

**Defendant Englander**

24.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies those allegations.

**Defendant World Sleep Products**

26.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations.

27.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies those allegations.

**Defendant Essentia**

28.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies those allegations.

29.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies those allegations.

**Defendant Jeffco**

30.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies those allegations.

31.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations.

**Defendant Spirit Sleep**

32.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies those allegations.

33.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies those allegations.

**Defendant WCW**

34.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies those allegations.

35.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies those allegations.

36.      Paragraph 36 is a statement to which no response is required.

## JURISDICTION AND VENUE

37.    Admitted.

38.    Admitted.

## FACTUAL BACKGROUND

39.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies those allegations.

40.    Sealy admits that the '468 Patent is entitled "Laminated Visco-Elastic Support" and bears the issue date of  March 24, 2009, but denies the validity and enforceability of the '468 Patent.  Sealy admits that a copy of the '468 Patent was attached to Plaintiffs' Complaint as Exhibit A.  Sealy denies the remaining allegations of Paragraph 40.

41.    Denied.

42.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies those allegations.

43.    Denied.

44.    Denied as to Sealy.  Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 as they relate to the other defendants and therefore denies those allegations.

45.    Denied as to Sealy.  Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 as they relate to the other defendants and therefore denies those allegations.

46.    Sealy admits that it sells products in Virginia and in this judicial district but denies that any of its products meet the limitations set forth in any of the claims of the '468 Patent.  Sealy lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 46 as they relate to the other defendants and therefore denies those allegations.

**COUNT ONE – INFRINGEMENT OF THE '468 PATENT - SIMMONS**

47.      Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-46 as though fully set forth herein.

48.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies those allegations.

49.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies those allegations.

**COUNT TWO – INFRINGEMENT OF THE '468 PATENT – IR SPECIALTY FOAM**

50.      Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-49 as though fully set forth herein.

51.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies those allegations.

52.      Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies those allegations.

**COUNT THREE – INFRINGEMENT OF THE '468 PATENT - SEALY**

53.      Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-52 as though fully set forth herein.

54.      Denied.

55.      Denied.

**COUNT FOUR – INFRINGEMENT OF THE '468 PATENT - CARPENTER**

56.      Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-55 as though fully set forth herein.

57.     Denied.

58.     Denied.

**COUNT FIVE – INFRINGEMENT OF THE '468 PATENT - SERTA**

59.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-58 as though fully set forth herein.

60.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies those allegations.

61.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies those allegations.

**COUNT SIX – INFRINGEMENT OF THE '468 PATENT – SERTA RESTOKRAFT**

62.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-61 as though fully set forth herein.

63.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies those allegations.

64.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies those allegations.

**COUNT SEVEN – INFRINGEMENT OF THE '468 PATENT – CLASSIC SLEEP PRODUCTS**

65.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-64 as though fully set forth herein.

66.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies those allegations.

67.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies those allegations.

## COUNT EIGHT – INFRINGEMENT OF THE '468 PATENT - ANATOMIC

68.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-67 as though fully set forth herein.

69.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies those allegations.

70.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies those allegations.

## COUNT NINE – INFRINGEMENT OF THE '468 PATENT - BRAGADA

71.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-70 as though fully set forth herein.

72.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies those allegations.

73.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies those allegations.

## COUNT TEN – INFRINGEMENT OF THE '468 PATENT – SLEEP PRODUCTS

74.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-73 as though fully set forth herein.

75.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies those allegations.

76.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies those allegations.

## COUNT ELEVEN – INFRINGEMENT OF THE '468 PATENT - ENGLANDER

77.    Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-76 as though fully set forth herein.

78.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies those allegations.

79.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies those allegations.

## COUNT TWELVE – INFRINGEMENT OF THE '468 PATENT – WORLD SLEEP PRODUCTS

80.    Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-79 as though fully set forth herein.

81.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies those allegations.

82.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore denies those allegations.

## COUNT THIRTEEN – INFRINGEMENT OF THE '468 PATENT - ESSENTIA

83.    Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-82 as though fully set forth herein.

84.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and therefore denies those allegations.

85.    Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore denies those allegations.

**COUNT FOURTEEN – INFRINGEMENT OF THE '468 PATENT - JEFFCO**

86.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-85 as though fully set forth herein.

87.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies those allegations.

88.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and therefore denies those allegations.

**COUNT FIFTEEN – INFRINGEMENT OF THE '468 PATENT – SPIRIT SLEEP**

89.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-88 as though fully set forth herein.

90.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies those allegations.

91.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and therefore denies those allegations.

**COUNT SIXTEEN – INFRINGEMENT OF THE '468 PATENT - WCW**

92.     Sealy hereby repeats and incorporates by reference the responses contained in the foregoing Paragraphs 1-91 as though fully set forth herein.

93.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies those allegations.

94.     Sealy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and therefore denies those allegations.

## PRAYER FOR RELIEF

Sealy denies that Plaintiffs are entitled to the relief requested or any other relief. To the extent Plaintiffs aver or make any allegations in their prayer for relief or remainder of their Complaint not specifically addressed herein, Sealy denies such averments or allegations.

WHEREFORE, Sealy respectfully requests that this Court enter judgment in favor of Sealy and against Plaintiffs, together with an award of costs and attorney fees, along with such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c) and without assuming any burden that it would not otherwise have, Sealy asserts the following defenses to the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs are precluded from recovering on their Complaint because Sealy does not infringe any valid and enforceable claim of the '468 patent directly, by inducement, or by contribution.

### THIRD DEFENSE

Each claim of the '468 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE

Plaintiffs are precluded from recovering on their claim for an injunction as they have an adequate remedy at law and would not suffer any alleged irreparable injury, among other reasons.

- 12 -

**FIFTH DEFENSE**

Plaintiffs' claims against Sealy are barred, in whole or in part, by prosecution history laches or estoppel.

**SIXTH DEFENSE**

Plaintiffs' claims against Sealy are barred because Plaintiffs lack standing to assert those claims.

**SEVENTH DEFENSE**

Plaintiffs' claims against Sealy are barred by laches, waiver, or estoppel.

**EIGHTH DEFENSE**

Plaintiffs' claims against Sealy are barred by the doctrine of unclean hands.

**NINTH DEFENSE**

Plaintiffs are precluded by 35 U.S.C. §287 from seeking damages for any alleged infringement prior to providing actual notice of the '468 Patent to Sealy.


\*      \*      \*

**COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 13, Defendant Sealy counterclaims against Plaintiffs Tempur-Pedic Management, Inc. ("TPMI") and Tempur-Pedic North America, LLC ("TPNA") and, in support thereof, alleges the following:

**JURISDICTION AND VENUE**

1.      Sealy is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Trinity, North Carolina.

- 13 -

2.      On information and belief,  TPMI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Lexington, Kentucky.

3.      On information and belief, TPNA is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Lexington, Kentucky.

4.      This Counterclaim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400.

7.      Plaintiffs have brought a lawsuit against Sealy in this district alleging that Sealy infringes the '468 patent.

8.      Sealy denies infringement of any valid and enforceable claim of the '468 Patent and seeks declaratory relief through its Counterclaims.

## BACKGROUND INFORMATION

9.      TPMI asserts that it is the owner by assignment of the '468 Patent, which issued on March 24, 2009 from U.S. patent application Serial No. 10/403,255, filed on March 31, 2003. The '468 Patent is titled "Laminated Visco-Elastic Support."

10.     The '468 Patent claims priority from U.S. Patent application Serial No. 09/703,893 (now U.S. Patent No. 6,541,094), filed on November 1, 2000 and U.S. Patent application Serial No. 08/458,968 (now U.S. Patent No. 6,159,574), filed on June 2, 1995.

11.     The named inventors of the '468 Patent are Dag Landvik of Saltsjo-Duvnas, Sweden and Michael B. Allaway of Paris, France.

12.     On June 10, 2009, Plaintiffs filed a Complaint and Jury Demand in the United States District Court for the Western District of Virginia, Big Stone Gap Division, alleging that

Sealy's Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products infringe the '468 Patent.

13.    Although Plaintiffs contend that Sealy's Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products infringe the '468 Patent, the '468 Patent is invalid, and none of Sealy's products infringe any valid claim of the '468 Patent.

## COUNT I

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,507,468

14.    Sealy incorporates and realleges the allegations contained in Paragraphs 1 through 13 above as if fully set forth herein.

15.    Plaintiffs have asserted that Sealy's Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products infringe one or more claims of the '468 Patent.  Sealy denies such infringement.

16.    Plaintiffs have created a reasonable apprehension of suit against Sealy by, among other acts, filing suit against Sealy.  Accordingly, there is a present and actual controversy between Plaintiffs and Sealy.

17.    A judicial declaration that Sealy does not infringe any valid claim of the '468 Patent is appropriate and necessary.

18.    The existence of this dispute creates a justifiable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a).  The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202.

## COUNT II

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,507,468

19.     Sealy incorporates and realleges the allegations contained in Paragraphs 1 through 13 above as if fully set forth herein.

20.     Plaintiffs have asserted that Sealy's Sapphire Bay, Cool Springs, and Gracehill Harbor lines of products infringe one or more claims of the '468 Patent.  Sealy denies such infringement.

21.     Plaintiffs have created a reasonable apprehension of suit against Sealy by, among other acts, filing suit against Sealy.  Accordingly, there is a present and actual controversy between Plaintiffs and Sealy.

22.     Upon information and belief, the '468 Patent is invalid for failure to meet the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, and 112.

23.     A judicial declaration of the invalidity of one or more of the claims of the '468 Patent is appropriate and necessary.

24.     The existence of this dispute creates a justifiable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a).  The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202.

## PRAYER FOR RELIEF

WHEREFORE, Sealy prays that the Court enter judgment in favor of Sealy and against Plaintiffs as follows:

A.     Declare that Sealy does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement with respect to any valid or enforceable claim of the '468 Patent.

B.     Declare that each and every claim of the '468 Patent is invalid.

C.     Enter a preliminary and permanent injunction to enjoin Plaintiffs, their officers, employees, agents, attorneys, and those in active concert with them from enforcing or threatening to enforce the '468 Patent against Sealy or any of Sealy customers or potential customers, and from asserting to any party that Sealy or any of its products infringe the '468 Patent.

D.     Find that this case is exceptional and award Sealy reasonable attorneys' fees, costs, and expenses incurred in defending this action and asserting its counterclaims, in accordance with 35 U.S.C. § 285.

E.     Find that Plaintiffs are entitled to no relief in any form on the claims they have asserted against Sealy.

F.     Award Sealy such other relief as the Court deems just and proper.

**JURY DEMAND**

Sealy hereby demands a jury trial on all issues so triable.

Respectfully submitted this the 29th day of July, 2009.

/s/ Thomas J. Sawyer
Thomas J. Sawyer (Va. Bar No. 27595)
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
Phone:  (703) 790-3310
Fax:  (703) 918-2241

Michael E. Ray (NC Bar No. 8480)
*Admitted pro hac vice*
Jacob S. Wharton (NC Bar No. 37421)
*Admitted pro hac vice*
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3600
Facsimile:  (336) 721-3660
Email:  mray@wcsr.com
Email:  jwharton@wcsr.com

***Attorneys for Defendant Sealy Corporation***

- 18 -

CERTIFICATE OF SERVICE

        On July 29, 2009, the foregoing Answer, Affirmative Defenses, and Counterclaims were filed electronically through the ECF system, which will send a notice of electronic filing to:

Kevin John O'Shea
Greenberg Traurig LLP
77 West Wacker Drive
Chicago, IL 60601
Email: osheak@gtlaw.com

*Attorney for Plaintiffs*


Victor H. Polk , Jr.
Greenberg Traurig LLP
One International Place
Boston, MA 02110
Email: polkv@gtlaw.com

*Attorney for Plaintiffs*


Wade W. Massie
Penn Stuart & Eskridge
P O Box 2288
Abingdon, VA 24212-2288
Email: wmassie@pennstuart.com

*Attorney for Plaintiffs*

Terry Gene Kilgore
Kilgore Law Office
109 East Jackson Street
P O Box 669
Gate City, VA 24251
Email: tkilgore@kilgorelawoffice.com

*Attorney for World Sleep Products, Inc.*


David Evan Finkelson
Jacob Harrison Rooksby
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Email: dfinkelson@mcguirewoods.com
Email: jrooksby@mcguirewoods.com

*Attorneys for Carpenter Co.*


Mark E. Feldman
Glenn Feldman Darby & Goodlatte
P O Box 2887
Roanoke, VA 24001-2887
Email: mfeldman@gfdg.com


Russel Oliver Primeaux
Kean Miller Hawthorne D'Armond   McCowan
& Jarman LLP
Suite 1800
301 Main Street
Baton Rouge, LA 70801
Email: russel.primeaux@keanmiller.com

*Attorneys for Englander Sleep Products, LLC*

Jonathan Martin Rogers
PO Box 136
Floyd, VA 24091
Email: jonathanrogers@swva.net

Frank G. Smith, III
Angela Payne James
Scott P. Amy
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Email:
Email: angela.james@alston.com
Email: scott.amy@alston.com

*Attorneys for Simmons Bedding Co. and The
Simmons Mfg. Co., LLC*

William Raymond Rakes
Gentry Locke Rakes & Moore
P O Box 40013
Roanoke, VA 24022-0013
Email: bill_rakes@gentrylocke.com

Mark Philip White
White & Fudula, LC
Suite 100
57 Bedford Street
Lexington, MA 02420
Email: mark@whiteandfudula.com

*Attorneys for Jeffco Fibres, Inc.*

Donald Lee Jackson
James D. Berquist
John Scott Davidson
Davidson Berquist Jackson & Gowdey LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
Email: djackson@dbjg.com
Email: jay.berquist@davidsonberquist.com
Email: jsd@dbjg.com

*Attorneys for Bragada, Inc.*

Donald Lee Jackson
James D. Berquist
John Scott Davidson
Davidson Berquist Jackson & Gowdey LLP
4300 Wilson Boulevard, Suite 700
Arlington, VA 22203
Email: djackson@dbjg.com
Email: jay.berquist@davidsonberquist.com
Email: jsd@dbjg.com

Darien Kenneth Wallace
Imperium Patent Works LLP
315 Ray Street
Pleasanton, CA 94566
Email: darien@imperiumpw.com

*Attorneys for Spirit Sleep Products, LLC*

Dabney Jefferson Carr, IV
Troutman Sanders LLP
P O Box 1122
Richmond, VA 23218-1122
Email: dabney.carr@troutmansanders.com

*Attorneys for Anatomic Global, Inc.*

- 20 -

And by U.S. Mail to the following:

Serta, Inc.
5401 Trillium Boulevard, Suite 250
Hoffman Estates, IL  60192

Sleep Products, Inc.
c/o BTH, Inc.
400 W. Market St., 32nd Floor
Louisville, KY  40202-3363

Serta Restokraft Mattress Co.
c/o Larry Kraft
38025 Jay Kay Drive
Romulus, MI  48174

WCW, Inc.
c/o Jean Wilkinson
P O Box 215
Hoosick Falls, NY  12090

Vincent L. DeBiase
William W. Frame
Corbally, Gartland and Rappleyea, LLP
35 Market Street
Poughkeepsie, NY 12601

Classic Sleep Products, Inc.
c/o Michael Zippelli
8214 Wellmoor Court
Jessup, MD  20794

*Attorneys for Bragada, Inc.*

Howard J. Susser
Burns & Levinson, LLP
125 Boston, MA 02110

Essentia U.S.A., LLC
10 Stage Door Road
Fishkill, NY  12524

*Attorney for World Sleep Products, Inc.*

Warren Eugene Zirkle
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

William L. Caughman, III
Pamela A. Baxter
Kean Miller Hawthorne D'Armond McCowan &
    Jarman LLP
Suite 1800
301 Main Street
Baton Rouge, LA 70801

*Attorney for Carpenter Co.*

*Attorneys for Englander Sleep Products, LLC*

/s/ Thomas J. Sawyer
Thomas J. Sawyer (Va. Bar No. 27595)
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
Phone:  (703) 790-3310
Fax:  (703) 918-2241

**Attorneys for Defendant Sealy Corporation**

- 21 -