UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

_____
                                         )
TEMPUR-PEDIC MANAGEMENT, INC.            )
and TEMPUR-PEDIC NORTH AMERICA,          )
LLC,                                     )
                                         )
Plaintiffs,                              )
                                         )
v.                                       )
                                         )
SIMMONS BEDDING COMPANY, THE             )
SIMMONS MANUFACTURING CO., LLC,          )
IR SPECIALTY FOAM, LLC, SEALY            )    CIVIL ACTION NO.
CORPORATION, CARPENTER CO.,              )
SERTA, INC., SERTA RESTOKRAFT            )    2:09-CV-00032
MATTRESS CO., CLASSIC SLEEP              )
PRODUCTS, INC., ANATOMIC GLOBAL,         )
INC., BRAGADA, INC., SLEEP PRODUCTS,     )
INC., ENGLANDER SLEEP PRODUCTS, LLC,     )
WORLD SLEEP PRODUCTS, INC., ESSENTIA     )
U.S.A., LLC, JEFFCO FIBRES, INC., SPIRIT )
SLEEP PRODUCTS, LLC and WCW, INC.        )
                                         )
Defendants.                              )
_____)

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF JEFFCO FIBRES, INC.

Defendant Jeffco Fibres, Inc. (hereinafter "Jeffco") hereby responds to the Complaint in the above-captioned action, which Complaint alleges infringement of U.S. Patent No. 7,507,468 (the "'468 Patent"), entitled "Laminated Visco-Elastic Support, which issued on March 24, 2009, by U.S. patent application Serial No. 10/403,255, filed on March 31, 2003 ("the '255 Application"). Jeffco's response is as follows:

### JEFFCO'S RIGHT TO SUPPLEMENT

Jeffco expressly reserves the right to supplement this response by pleading any and all additional defenses available under the law during the pendency of discovery. The following response is numbered in accordance with the corresponding numbered paragraphs in Plaintiffs' Complaint and Jury Demand.:

### THE PARTIES

### Plaintiff Tempur

1.    Jeffco is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.

2.    Jeffco is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.

### Defendant Simmons

3.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

4.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

5.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant IR Specialty Foam

6.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

7.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Sealy

8.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

9.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Carpenter

10.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

11.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

.

### Defendant Serta

12.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

13.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Serta Restokraft

14.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

15.    The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Classic Sleep Products

16.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

17.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Anatomic

18.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

19.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Bragada

20.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

21.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Sleep Products

22.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

23.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Englander

24.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

25.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant World Sleep Products

26.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

27.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Essentia

28.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

29.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant Jeffco

30. Admitted

31. Admitted

### Defendant Spirit Sleep

32.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

33.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### Defendant WCW

34.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

35.   The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

36.   Jeffco admits only that it is named as a defendant in this lawsuit.   Jeffco denies that any legal conclusions can or should be drawn from the fact that it has been so named.

## JURISDICTION AND VENUE

37.   Jeffco admits as to 28 U.S.C. § 1331 and 1338(a).   It denies that Plaintiffs' claims and allegations in its Complaint are sufficient to establish a legally enforceable case of patent infringement, as alleged therein.

38.   Jeffco admits as to venue.   It denies that Plaintiffs' claims and allegations in its Complaint are sufficient to establish a legally enforceable case of patent infringement, as alleged therein.

## FACTUAL BACKGROUND

39.   Jeffco is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.

40.   Jeffco admits that the '468 Patent is entitled "Laminated Visco-Elastic Support," but is without knowledge or

information sufficient to either admit or deny the remaining allegations of this paragraph.

41.  Denied.

42.  Jeffco is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.

43.  Denied.

44.  Denied as to Jeffco.   The remaining allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

45.  Denied as to Jeffco.   The remaining allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

46.  Jeffco admits that it transacts business in the Commonwealth of Virginia and in this District.  Jeffco denies the remaining allegations of this paragraph as it relates to Jeffco.

### COUNT ONE – INFRINGEMENT OF THE '468 PATENT – SIMMONS

47.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

48.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

49.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT TWO – INFRINGEMENT OF THE '468 PATENT – IR SPECIALTY FOAM**

50.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

51.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

52.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT THREE – INFRINGEMENT OF THE '468 PATENT – SEALY**

53.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

54.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

55.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT FOUR – INFRINGEMENT OF THE '468 PATENT – CARPENTER**

56.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

57.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

58.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT FIVE – INFRINGEMENT OF THE '468 PATENT – SERTA**

59.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

60.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

61.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT SIX – INFRINGEMENT OF THE '468 PATENT – SERTA RESTOKRAFT**

62.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

63.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

64.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT SEVEN – INFRINGEMENT OF THE '468 PATENT – CLASSIC SLEEP PRODUCTS**

65.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

66.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

67.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

## COUNT EIGHT - INFRINGEMENT OF THE '468 PATENT — ANATOMIC

68. Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

69. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

70. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

## COUNT NINE - INFRINGEMENT OF THE '468 PATENT — BRAGADA

71. Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

72. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

73. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

## COUNT TEN - INFRINGEMENT OF THE '468 PATENT — SLEEP PRODUCTS

74. Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

75. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

76. The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

## COUNT ELEVEN - INFRINGEMENT OF THE '468 PATENT — ENGLANDER

77. Jeffco repeats and incorporates by reference its

responses to all of the preceding paragraphs set forth herein.

78.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

79.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### COUNT TWELVE – INFRINGEMENT OF THE '468 PATENT – WORLD SLEEP PRODUCTS

80.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

81.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

82.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### COUNT THIRTEEN – INFRINGEMENT OF THE '468 PATENT – ESSENTIA

83.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

84.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

85.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

### COUNT FOURTEEN – INFRINGEMENT OF THE '468 PATENT – JEFFCO

86.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

87.  Denied.

88.  Denied.

**COUNT FIFTEEN - INFRINGEMENT OF THE '468 PATENT – SPIRIT SLEEP**

89.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

90.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

91.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

**COUNT SIXTEEN - INFRINGEMENT OF THE '468 PATENT – WCW**

92.  Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

93.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

94.  The allegations of this Paragraph do not relate to Jeffco, and thus no response is required.

## GENERAL DENIAL

Unless expressly admitted herein, Jeffco denies each and every allegation contained in Paragraphs 1 – 94 of Plaintiffs' Complaint and Jury Demand and denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint and Jury Demand, Jeffco prays for relief as follows:

a.   That Plaintiffs recover nothing and their Complaint and
     Jury Demand be dismissed with prejudice;

b.   That the Court deny any injunctive relief in favor of
     Plaintiffs and against Jeffco;

c.   That the Court declare that Jeffco has not and does not
     directly or indirectly infringe, induce infringement, or
     contribute to the infringement of any valid claim of the
     '468 Patent;

d.   That the Court declare and order that each and every one
     the claims of the '468 Patent are invalid;

e.   That the Court find this case to be an exceptional case
     pursuant to 35 U.S.C. § 285 of the Patent Act and award
     Jeffco its reasonable attorneys' fees in this action;

f.   That all costs be taxed against Plaintiffs; and

g.   That Jeffco be granted such other and further relief
     as the Court deems just and meet.

### JEFFCO'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Jeffco
asserts the following affirmative defenses to Plaintiffs'
Complaint and Jury Demand:

### FIRST DEFENSE:

Plaintiffs' Complaint and Jury Demand fails to state a claim
against Jeffco upon which relief may be granted.

### SECOND DEFENSE:

Jeffco does not infringe any valid claim of the '468 Patent either directly, by inducement, or by contribution.

### THIRD DEFENSE:

The claims of the '468 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH DEFENSE:

The claims of the '468 Patent are unenforceable under one or more applicable statutes of limitations

### FIFTH DEFENSE:

The claims of the '468 Patent are unenforceable under the doctrine of prosecution laches.

### SIXTH DEFENSE:

One or more of Plaintiffs' claims are barred under the doctrine of prosecution history estoppel.

### SEVENTH DEFENSE:

One or more of Plaintiffs' claims are barred under the doctrine of prosecution history disclaimer.

### EIGHTH DEFENSE:

One or more of Plaintiffs' claims are barred under the doctrine of unclean hands.

### RESERVATION OF RIGHTS

Jeffco reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## JEFFCO'S COUNTERCLAIMS

Defendant in Counterclaim Jeffco Fibres, Inc. hereby files these Counterclaims for Declaratory Judgment against Plaintiffs and Counter-Defendants Tempur-Pedic Management, Inc. and Tempur-Pedic North America, LLC (herein "Tempur-Pedic"), wherein Jeffco alleges as follows:

## NATURE AND BASIS OF ACTION

2.1    This Counterclaim for declaratory judgment arises under the patent laws of the United States, 35 U.S.C § 100 *et seq.* and under the Federal Declaratory Judgment Act, 28 U.S.C § 2201, *et seq.* Jeffco requests declarations that: (i) it does not infringe any valid claim of U.S. Patent No. 7,507,468 ("the '468 Patent"); and (ii) the claims of the '468 Patent are invalid.

## THE PARTIES, JURISDICTION, AND VENUE

2.2    Jeffco Fibres, Inc. (hereinafter "Jeffco")   is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 12 Park Street, P.O. Box 816, Webster, Massachusetts.

2.3    On information and belief Tempur-Pedic Management, Inc. ("TPMI") is a corporation organized and existing under the laws of the State of Delaware with its

- 15 -

principal place of business located in Lexington, Kentucky.

2.4    On Information and belief Tempur-Pedic North America, LLC ("TPNA") is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Lexington, Kentucky.

2.5    TPMI and TMNA are jointly referred to hereinafter as "Tempur-Pedic".

2.6    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.7    This Court has personal jurisdiction over Tempur-Pedic by virtue of the fact that Tempur-Pedic has conducted business within this judicial district and a portion of the events giving rise to these claims occurred in this judicial district, and further arising from the currently pending lawsuits filed by Tempur-Pedic.

2.8    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

### FACTUAL BACKGROUND

3.1    TPMI asserts that it has been assigned ownership of the '468 Patent". The '468 Patent claims priority from U.S.

Patent application Serial No. 09/703,893,  filed on
November 1, 2000, issued as U.S. Patent No. 6,541,094), and
U.S. Patent application Serial No. 08/458,968, filed on
June 2, 1995., issued as U.S. Patent No. 6,159,574.

3.2. The named inventors of the '468 Patent are Dag Landvik
of Saltsjo-Duvnas, Sweden and Michael B. Allaway of Paris,
France.

3.3. Tempur-Pedic filed its  Complaint On June 10, 2009 in
this Honorable Court , alleging that "Jeffco has infringed
and continues to infringe, both directly and indirectly,
one or more claims of the '468 Patent by making, using,
offering for sale, selling, and/or importing products,
including the Angel Bed line of products, that infringe one
or more claims of the '468 Patent, as well as inducing
others to infringe one or more claims of the '468 Patent,
and/or contributing to infringement of one or more claims
of the '468 Patent by others."

3.4. None of Jeffco's products made, used, sold, or
imported  in the United States presently infringe any valid
claim of the '468 Patent, nor have any of Jeffco's products
previously made, used, sold, or imported in the United
States during the valid term of the '468 patent  infringed
any valid claim of said '468 Patent.

3.5. Furthermore, each and every one of the claims recited in the '468 Patent is invalid.

### COUNT I

### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,507,468

4.1. Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

4.2. Tempur-Pedic has alleged that Jeffco's products infringe one or more claims of the '468 Patent.  Jeffco denies such infringement.

4.3. Tempur-Pedic has filed suit against Jeffco, thereby satisfying the requirement that there be a reasonable apprehension of suit against Jeffco by Tempur-Pedic. Accordingly, there is a present and actual controversy between Tempur-Pedic and Jeffco.

4.4. It  is both appropriate and necessary that this Honorable Court declare that Jeffco does not infringe any valid claim of the '468 Patent

4.5. The existence of this dispute creates a justiciable controversy between the parties, pursuant to 28 U.S.C. § 2201(a).

4.6. In accordance with 28 U.S.C. § 2202 this Honorable Court  is further empowered to grant additional relief, including, *inter alia,* injunctive relief and damages.

- 18 -

WHEREFORE, Jeffco respectfully requests that the Court enter judgment:

a.    That Jeffco does not infringe any valid claim of U.S. Patent No. 7,507,468;

b.    That this case is exceptional and award Jeffco its reasonable attorneys' fees, costs, and expenses incurred in defending this action and asserting its counterclaims, pursuant to 35 U.S.C. § 285;

c.    That Tempur-Pedic is entitled to no relief in any form on the claims it has asserted against Jeffco; and

d.    Granting Jeffco such other and further relief as the Court may deem just and proper.

## COUNT II

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,507,468

5.1. Jeffco repeats and incorporates by reference its responses to all of the preceding paragraphs set forth herein.

5.2. Tempur-Pedic has filed suit against Jeffco, thereby satisfying the requirement that there be a reasonable apprehension of suit against Jeffco by Tempur-Pedic. Accordingly, there is a present and actual controversy between Tempur-Pedic and Jeffco.

5.3. It is both appropriate and necessary that this Honorable Court declare that Jeffco does not infringe any valid claim of the '468 Patent

5.4. The existence of this dispute creates a justiciable controversy between the parties, pursuant to 28 U.S.C. § 2201(a).

5.5. Upon information and belief, the '468 Patent is invalid for failure to meet the requirements 35 U.S.C. §§ 101, 102, 103, and 112.

5.6. A judicial declaration of the invalidity of one or more of the claims of the '468 Patent is appropriate and necessary.

5.7. The existence of this dispute creates a justiciable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a).  The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202.

WHEREFORE, Jeffco respectfully requests that the Court enter judgment:

a.    That each and every one the claims of U.S. Patent No. 7,507,468 are invalid;

b.    That this case is exceptional and award Jeffco its reasonable attorneys' fees, costs, and expenses incurred in

defending this action and asserting its counterclaims, pursuant to 35 U.S.C. § 285;

c.    That Tempur-Pedic is entitled to no relief in any form on the claims it has asserted against Jeffco; and

d.    Granting Jeffco such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Jeffco demands trial by jury on all matters triable by a jury.

Dated: July 30, 2009.

Respectfully submitted,

Jeffco Fibres, Inc.

By Counsel

/s/ Mark P. White
BBO No. 556,246
White & Fudala, LC
57 Bedford St., Suite 100
Lexington, MA 02420
Phone:(781) 863-2041
Fax:  (781) 863-2250

William R. Rakes
VSB No. 3481
Gentry Locke Rakes & Moore LLP
800 Sun Trust Plaza
10 Franklyn Road, S.E.
PO Box 40013
Roanoke, VA 24022-0013
Phone: (540) 983-9374
Fax:   (540) 983-9468

Attorneys for Defendant Jeffco Fibres, Inc.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsels of record.


This 30th day of July, 2009.

/s/ Mark P. White
Attorney for Jeffco Fibres, Inc.