UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | |
|---|---|
| TEMPUR-PEDIC MANAGEMENT, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SIMMONS BEDDING COMPANY, THE SIMMONS MANUFACTURING CO., LLC, IR SPECIALTY FOAM, LLC, SEALY CORPORATION, CARPENTER CO., SERTA, INC., SERTA RESTOKRAFT MATTRESS CO., CLASSIC SLEEP PRODUCTS, INC., ANATOMIC GLOBAL, INC., BRAGADA, INC., SLEEP PRODUCTS, INC., ENGLANDER SLEEP PRODUCTS, LLC, WORLD SLEEP PRODUCTS, INC., ESSENTIA U.S.A., LLC, JEFFCO FIBRES, INC., SPIRIT SLEEP PRODUCTS, LLC and WCW, INC. <br><br> Defendants. | CIVIL ACTION NO. <br><br> 2:09-CV-00032-JPJ-PMS |

## ANSWER AND AFFIRMATIVE DEFENSES OF SIMMONS BEDDING COMPANY AND THE SIMMONS MANUFACTURING CO., LLC

Defendants Simmons Bedding Company and The Simmons Manufacturing Co., LLC (collectively "Simmons") file their Answer and Affirmative Defenses as follows:

### SIMMONS' ANSWER

Simmons expressly reserves the right to plead any and all additional defenses available under the law as discovery progresses. Simmons responds to the individually numbered paragraphs in Plaintiffs' Complaint and Jury Demand as follows:

## THE PARTIES

### Plaintiff Tempur

1. Simmons lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2. Simmons lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis denies them.

### Defendant Simmons

3. Admitted.

4. Admitted.

5. Simmons admits only that The Simmons Manufacturing Co., LLC manufactures and sells mattresses and pillows, but denies that its mattresses and pillows infringe any valid claim of U.S. Patent No. 7,507,468 ("the '468 Patent"). Simmons lacks sufficient knowledge or information to form a belief as to Plaintiffs' intended meaning of the term "viscoelastic foam materials" in the allegations set forth in Paragraph 5, and on that basis denies the remaining allegations set forth in Paragraph 5.

### Defendant IR Specialty Foam

6. The allegations set forth in Paragraph 6 are not directed to Simmons and thus no response from Simmons is required.

7. Simmons denies that IR Specialty Foams manufactures mattresses that are sold under Simmons' trademark(s). The remainder of the allegations set forth in Paragraph 7 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Sealy

8. The allegations set forth in Paragraph 8 are not directed to Simmons and thus no response from Simmons is required.

9. The allegations set forth in Paragraph 9 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Carpenter

10. The allegations set forth in Paragraph 10 are not directed to Simmons and thus no response from Simmons is required.

11. The allegations set forth in Paragraph 11 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Serta

12. The allegations set forth in Paragraph 12 are not directed to Simmons and thus no response from Simmons is required.

13. The allegations set forth in Paragraph 13 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Serta Restokraft

14. The allegations set forth in Paragraph 14 are not directed to Simmons and thus no response from Simmons is required.

15. The allegations set forth in Paragraph 15 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Classic Sleep Products

16. The allegations set forth in Paragraph 16 are not directed to Simmons and thus no response from Simmons is required.

17. The allegations set forth in Paragraph 17 are not directed to Simmons and thus no

response from Simmons is required.

### Defendant Anatomic

18. The allegations set forth in Paragraph 18 are not directed to Simmons and thus no response from Simmons is required.

19. The allegations set forth in Paragraph 19 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Bragada

20. The allegations set forth in Paragraph 20 are not directed to Simmons and thus no response from Simmons is required.

21. The allegations set forth in Paragraph 21 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Sleep Products

22. The allegations set forth in Paragraph 22 are not directed to Simmons and thus no response from Simmons is required.

23. The allegations set forth in Paragraph 23 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Englander

24. The allegations set forth in Paragraph 24 are not directed to Simmons and thus no response from Simmons is required.

25. The allegations set forth in Paragraph 25 are not directed to Simmons and thus no response from Simmons is required.

### Defendant World Sleep Products

26. The allegations set forth in Paragraph 26 are not directed to Simmons and thus no response from Simmons is required.

27. The allegations set forth in Paragraph 27 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Essentia

28. The allegations set forth in Paragraph 28 are not directed to Simmons and thus no response from Simmons is required.

29. The allegations set forth in Paragraph 29 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Jeffco

30. The allegations set forth in Paragraph 30 are not directed to Simmons and thus no response from Simmons is required.

31. The allegations set forth in Paragraph 31 are not directed to Simmons and thus no response from Simmons is required.

### Defendant Spirit Sleep

32. The allegations set forth in Paragraph 32 are not directed to Simmons and thus no response from Simmons is required.

33. The allegations set forth in Paragraph 33 are not directed to Simmons and thus no response from Simmons is required.

### Defendant WCW

34. The allegations set forth in Paragraph 34 are not directed to Simmons and thus no response from Simmons is required.

35. The allegations set forth in Paragraph 35 are not directed to Simmons and thus no response from Simmons is required.

36. Simmons, for itself only, admits that Plaintiffs have named it as a defendant in this action, but denies the legal sufficiency of Plaintiffs' claims and allegations.

**JURISDICTION AND VENUE**

37. Simmons, for itself only, admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a), but denies the legal sufficiency of Plaintiffs' claims and allegations.

38. Simmons, for itself only, admits that this Court is a proper venue for this action, but denies the legal sufficiency of Plaintiffs' claims and allegations.

**FACTUAL BACKGROUND**

39. Simmons lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39, and on that basis denies them.

40. Simmons admits that the '468 Patent, a copy of which is attached to the Complaint as Exhibit A, is entitled "Laminated Visco-Elastic Support" and bears the issue date of March 24, 2009, but denies the validity of the '468 Patent. Simmons lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 40, and on that basis denies them.

41. Denied.

42. Simmons lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42, and on that basis denies them.

43. Denied.

44. Denied as to Simmons. The remaining allegations set forth in Paragraph 44 are not directed to Simmons and thus no response from Simmons is required.

45. Denied as to Simmons. The remaining allegations set forth in Paragraph 45 are not directed to Simmons and thus no response from Simmons is required.

46. Simmons, for itself only, admits that it transacts business in the Commonwealth

of Virginia and in this District. Simmons denies the remaining allegations set forth in Paragraph 46 directed to Simmons.

## COUNT ONE - INFRINGEMENT OF THE '468 PATENT – SIMMONS

47. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 46, supra, as if fully set forth herein.

48. Denied.

49. Denied.

## COUNT TWO - INFRINGEMENT OF THE '468 PATENT – IR SPECIALTY FOAM

50. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 49, supra, as if fully set forth herein.

51. Denied as to Simmons. The remaining allegations set forth in Paragraph 51 are not directed to Simmons and thus no response from Simmons is required.

52. Denied as to Simmons. The remaining allegations set forth in Paragraph 52 are not directed to Simmons and thus no response from Simmons is required.

## COUNT THREE - INFRINGEMENT OF THE '468 PATENT – SEALY

53. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 52, supra, as if fully set forth herein.

54. The allegations set forth in Paragraph 54 are not directed to Simmons and thus no response from Simmons is required.

55. Denied as to Simmons. The remaining allegations set forth in Paragraph 55 are not directed to Simmons and thus no response from Simmons is required.

## COUNT FOUR - INFRINGEMENT OF THE '468 PATENT – CARPENTER

56. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through

55, supra, as if fully set forth herein.

57.   The allegations set forth in Paragraph 57 are not directed to Simmons and thus no response from Simmons is required.

58.   Denied as to Simmons.  The remaining allegations set forth in Paragraph 58 are not directed to Simmons and thus no response from Simmons is required.

### COUNT FIVE - INFRINGEMENT OF THE '468 PATENT – SERTA

59.   Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 58, supra, as if fully set forth herein.

60.   The allegations set forth in Paragraph 60 are not directed to Simmons and thus no response from Simmons is required.

61.   Denied as to Simmons.  The remaining allegations set forth in Paragraph 61 are not directed to Simmons and thus no response from Simmons is required.

### COUNT SIX - INFRINGEMENT OF THE '468 PATENT – SERTA RESTOKRAFT

62.   Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 61, supra, as if fully set forth herein.

63.   The allegations set forth in Paragraph 63 are not directed to Simmons and thus no response from Simmons is required.

64.   Denied as to Simmons.  The remaining allegations set forth in Paragraph 64 are not directed to Simmons and thus no response from Simmons is required.

### COUNT SEVEN - INFRINGEMENT OF THE '468 PATENT – CLASSIC SLEEP PRODUCTS

65.   Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 64, supra, as if fully set forth herein.

66.   The allegations set forth in Paragraph 66 are not directed to Simmons and thus no

response from Simmons is required.

67. Denied as to Simmons. The remaining allegations set forth in Paragraph 67 are not directed to Simmons and thus no response from Simmons is required.

### COUNT EIGHT - INFRINGEMENT OF THE '468 PATENT – ANATOMIC

68. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 67, supra, as if fully set forth herein.

69. The allegations set forth in Paragraph 69 are not directed to Simmons and thus no response from Simmons is required.

70. Denied as to Simmons. The remaining allegations set forth in Paragraph 70 are not directed to Simmons and thus no response from Simmons is required.

### COUNT NINE - INFRINGEMENT OF THE '468 PATENT – BRAGADA

71. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 70, supra, as if fully set forth herein.

72. The allegations set forth in Paragraph 72 are not directed to Simmons and thus no response from Simmons is required.

73. Denied as to Simmons. The remaining allegations set forth in Paragraph 73 are not directed to Simmons and thus no response from Simmons is required.

### COUNT TEN - INFRINGEMENT OF THE '468 PATENT – SLEEP PRODUCTS

74. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 73, supra, as if fully set forth herein.

75. The allegations set forth in Paragraph 75 are not directed to Simmons and thus no response from Simmons is required.

76. Denied as to Simmons. The remaining allegations set forth in Paragraph 76 are

not directed to Simmons and thus no response from Simmons is required.

### COUNT ELEVEN - INFRINGEMENT OF THE '468 PATENT – ENGLANDER

77. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 76, supra, as if fully set forth herein.

78. The allegations set forth in Paragraph 78 are not directed to Simmons and thus no response from Simmons is required.

79. Denied as to Simmons. The remaining allegations set forth in Paragraph 79 are not directed to Simmons and thus no response from Simmons is required.

### COUNT TWELVE - INFRINGEMENT OF THE '468 PATENT – WORLD SLEEP PRODUCTS

80. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 79, supra, as if fully set forth herein.

81. The allegations set forth in Paragraph 81 are not directed to Simmons and thus no response from Simmons is required.

82. Denied as to Simmons. The remaining allegations set forth in Paragraph 82 are not directed to Simmons and thus no response from Simmons is required.

### COUNT THIRTEEN - INFRINGEMENT OF THE '468 PATENT – ESSENTIA

83. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 82, supra, as if fully set forth herein.

84. The allegations set forth in Paragraph 84 are not directed to Simmons and thus no response from Simmons is required.

85. Denied as to Simmons. The remaining allegations set forth in Paragraph 85 are not directed to Simmons and thus no response from Simmons is required.

**COUNT FOURTEEN - INFRINGEMENT OF THE '468 PATENT – JEFFCO**

86. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 85, supra, as if fully set forth herein.

87. The allegations set forth in Paragraph 87 are not directed to Simmons and thus no response from Simmons is required.

88. Denied as to Simmons. The remaining allegations set forth in Paragraph 88 are not directed to Simmons and thus no response from Simmons is required.

**COUNT FIFTEEN - INFRINGEMENT OF THE '468 PATENT – SPIRIT SLEEP**

89. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 88, supra, as if fully set forth herein.

90. The allegations set forth in Paragraph 90 are not directed to Simmons and thus no response from Simmons is required.

91. Denied as to Simmons. The remaining allegations set forth in Paragraph 91 are not directed to Simmons and thus no response from Simmons is required.

**COUNT SIXTEEN - INFRINGEMENT OF THE '468 PATENT – WCW**

92. Simmons reasserts and realleges the responses set forth in Paragraphs 1 through 91, supra, as if fully set forth herein.

93. The allegations set forth in Paragraph 93 are not directed to Simmons and thus no response from Simmons is required.

94. Denied as to Simmons. The remaining allegations set forth in Paragraph 94 are not directed to Simmons and thus no response from Simmons is required.

## GENERAL DENIAL

Unless expressly admitted herein, Simmons denies each and every allegation contained in Paragraphs 1 – 94 of Plaintiffs' Complaint and Jury Demand and denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint and Jury Demand, Simmons prays for relief as follows:

a. That Plaintiffs recover nothing and their Complaint and Jury Demand be dismissed with prejudice;

b. That the Court deny any injunctive relief in favor of Plaintiffs and against Simmons;

c. That the Court find this case to be an exceptional case pursuant to 35 U.S.C. § 285 of the Patent Act and award Simmons its reasonable attorneys' fees in this action;

d. That all costs be taxed against Plaintiffs; and

e. That Simmons be granted such other and further relief as the Court deems just and proper.

## SIMMONS' AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Simmons asserts the following affirmative defenses to Plaintiffs' Complaint and Jury Demand:

### FIRST DEFENSE:

Plaintiffs' Complaint and Jury Demand fails to state a claim against Simmons upon which relief may be granted.

SECOND DEFENSE:

Simmons does not infringe any valid claim of the '468 Patent directly, by inducement, or by contribution.

THIRD DEFENSE:

The claims of the '468 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et. seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

FOURTH DEFENSE:

Plaintiffs' claims against Simmons are barred, in whole or in part, under the doctrine of prosecution history estoppel.

FIFTH DEFENSE:

The claims of the '468 Patent are unenforceable under the doctrine of prosecution laches.

SIXTH DEFENSE:

Plaintiffs are precluded by 35 U.S.C. § 287 from seeking damages for any alleged infringement prior to providing actual notice of the '468 Patent to Simmons.

**RESERVATION OF RIGHTS**

Simmons reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**JURY DEMAND**

Simmons demands trial by jury on all issues triable by a jury in this case.

Respectfully submitted, this 31st day of July, 2009.

/s/ Scott P. Amy
Jonathan Rogers, Esq.
VSB No. 14298
Jonathan Rogers P.C.
602 E. Main Street
Floyd, Virginia 24091
Phone: (540) 745-8686
Fax: (540) 745-8688

Frank G. Smith, III, Esq.
Angela Payne James, Esq.
Scott P. Amy, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404)-881-7000
Fax: (404)-881-5000

*Attorneys for Defendants Simmons Bedding Company and The Simmons Manufacturing Co., LLC*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | |
|---|---|
| TEMPUR-PEDIC MANAGEMENT, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SIMMONS BEDDING COMPANY, THE SIMMONS MANUFACTURING CO., LLC, IR SPECIALTY FOAM, LLC, SEALY CORPORATION, CARPENTER CO., SERTA, INC., SERTA RESTOKRAFT MATTRESS CO., CLASSIC SLEEP PRODUCTS, INC., ANATOMIC GLOBAL, INC., BRAGADA, INC., SLEEP PRODUCTS, INC., ENGLANDER SLEEP PRODUCTS, LLC, WORLD SLEEP PRODUCTS, INC., ESSENTIA U.S.A., LLC, JEFFCO FIBRES, INC., SPIRIT SLEEP PRODUCTS, LLC and WCW, INC. <br><br> Defendants. | CIVIL ACTION NO. <br><br> 2:09-CV-00013-JPJ-PMS |

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF SIMMONS BEDDING COMPANY AND THE SIMMONS MANUFACTURING CO., LLC was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Wade W. Massie <br> Penn Stuart & Eskridge <br> P.O. Box 2288 <br> Abingdon, VA 24212-2288 <br> Email: wmassie@pennstuart.com <br><br> Victor Polk, Jr. <br> Greenberg Traurig LLP <br> One International Place | Thomas J. Sawyer <br> Womble Carlyle Sandridge & Rice, PLLC <br> 8065 Leesburg Pike, Fourth Floor <br> Tysons Corner, VA 22182 <br> Email: tsawyer@wcsr.com <br><br> Michael E. Ray <br> Womble Carlyle Sandridge & Rice, PLLC <br> One West Fourth Street |

- 15 -

| | |
|---|---|
| Boston, MA 02110<br>Email: polkv@gtlaw.com<br><br>Kevin J. O'Shea<br>Greenberg Traurig LLP<br>77 West Wacker Drive<br>Chicago, IL 60601<br>Email: osheak@gtlaw.com<br><br>*Attorney for Plaintiffs* | Winston-Salem, NC 27101<br>Email: mray@wcsr.com<br><br>*Attorneys for Sealy Corporation* |
| James D. Berquist<br>J. Scott Davidson<br>Donald L. Jackson<br>Davidson Berquist Jackson & Gowdey LLP<br>4300 Wilson Boulevard, Suite 700<br>Arlington, VA 22203<br>Email: djackson@dbjg.com<br>Email: Jay.berquist@davidsonberquist.com<br>Email: jsd@dbjd.com<br><br>Vincent L. DeBiase<br>William W. Frame<br>Corbally, Gartland and Rappleyea, LLP<br>35 Market Street<br>Poughkeepsie, NY 12601<br><br>*Attorneys for Bragada, Inc.* | David E. Finkelson<br>Jacob H. Rooksby<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219-4030<br>Email: dfinkelson@mcguirewoods.com<br>Email: jrooksby@mcguirewoods.com<br><br>*Attorneys for Carpenter Co.* |
| Mark E. Feldman<br>Glenn Feldman Darby & Goodlatte<br>PO Box 2887<br>Roanoke, VA 24001-2887<br>Email: mfeldman@gfdg.com<br><br>Russel O. Primeaux<br>Kean Miller Hawthorne D'Armond McCowan & Jarman LLP<br>Suite 1800<br>301 Main Street<br>Baton Rouge, LA 70801<br>Email: russel.primeaux@keanmiller.com<br><br>*Attorneys for Englander Sleep Products, LLC* | William R. Rakes<br>Gentry Locke Rakes & Moore<br>P.O. Box 40013<br>Roanoke, VA 24022-0013<br>Email: bill_rakes@gentrylocke.com<br><br>Mark P. White<br>White & Fudula, LC<br>Suite 100<br>57 Bedford Street<br>Lexington, MA 02420<br>Email: mark@whiteandfudula.com<br><br>*Attorneys for Jeffco Fibres, Inc.* |

| | |
|---|---|
| James D. Berquist<br>J. Scott Davidson<br>Donald L. Jackson<br>Davidson Berquist Jackson & Gowdey LLP<br>4300 Wilson Boulevard, Suite 700<br>Arlington, VA 22203<br>Email: djackson@dbjg.com<br>Email: Jay.berquist@davidsonberquist.com<br>Email: jsd@dbjd.com<br><br>Darien Kenneth Wallace<br>Imperium Patent Works LLP<br>315 Ray Street<br>Pleasanton, CA 94566<br>Email: darien@imperiumpw.com<br><br>*Attorneys for Spirit Sleep Products, LLC* | Dabney J. Carr, IV<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>Richmond, VA 23218-1122<br>Email: dabney.carr@troutmansanders.com<br><br>*Attorneys for Anatomic Global, Inc.* |
| Terry Gene Kilgore<br>Kilgore Law Office<br>109 East Jackson Street<br>P.O. Box 669<br>Gate City, VA 24251<br>Email: tkilgore@kilgorelawoffice.com<br><br>Howard J. Susser<br>Burns & Levinson, LLP<br>125 Summer Street<br>Boston, MA 02110<br>Email: hsusser@burnslev.com<br><br>*Attorney for World Sleep Products, Inc.* | James C. Turk, Jr.<br>Harrison & Turk, P.C.<br>1007 East Main Street<br>Radford, VA 24143-2968<br>Email: jimturk@aol.com<br><br>Richard W. Young<br>Nicole M. Murray<br>Wendy Akbar<br>Ryan M. Shultz<br>Quarles & Brady LLP<br>300 N. LaSalle Street, Suite 4000<br>Chicago, IL 60654<br>Email: richard.young@quarles.com<br>Email: nicole.murray@quarles.com<br>Email: wendy.akbar@quarles.com<br>Email: ryan.schultz@quarles.com<br><br>*Attorneys for Serta, Inc. and Serta Restokraft Mattress Co.* |
| Mark T. Hunt<br>159 West Main Street<br>Abingdon, VA 24210<br><br>Arlen L. Olsen<br>Schmeiser, Olsen & Watts LLP<br>22 Century Hill Drive | |

| | |
|---|---|
| Suite 302<br>Latham, NY 12100<br><br>*Attorneys for WCW, Inc.* | |

**And by U.S.Mail to the following:**

| | |
|---|---|
| William L. Caughman III<br>Pamela Baxter<br>Kean Miller Hawthorne D'Armond<br>McCowan & Jarman LLP<br>Suite 1800 301 Main Street<br>Baton Rouge, LA 70801<br><br>*Attorneys for Englander Sleep Products, LLC* | Perry Palan<br>Barnes & Thornburg<br>750 17th Street N.W., Suite 900<br>Washington, DC 20006-4675<br><br>*Attorney for Essentia U.S.A., LLC* |
| Classic Sleep Products, Inc.<br>c/o Michael Zippelli<br>8214 Wellmoor Court<br>Jessup, MD 20794 | Sleep Products, Inc.<br>c/o BTH, Inc.<br>400 W. Market St., 32nd Floor<br>Louisville, KY 40202-3363 |
| Warren Eugene Zirkle<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219-4030<br><br>*Attorney for Carpenter Co.* | |

This 31st day of July, 2009.

/s/  Scott P. Amy
Scott P. Amy, Esq.