UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | |
|---|---|
| TEMPUR-PEDIC MANAGEMENT, INC. and TEMPUR-PEDIC NORTH AMERICA, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SIMMONS BEDDING COMPANY, et al. | ) ) CIVIL ACTION NO. 2:09-CV-0032-jpj-pms ) |
| Defendants. | ) ) |

**SERTA RESTOKRAFT MATTRESS CO.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

**I.    INTRODUCTION**

No discovery is needed or warranted on Serta Restokraft's Motion to Dismiss because all relevant facts are before the Court.  Serta Restokraft, Inc. ("Restokraft") is located and does business exclusively in Michigan and Ohio.  Its Motion to Dismiss is fully supported by the declarations of its president which establish that it employs no distributors and neither sells into nor targets markets beyond its Michigan/Ohio territory.  Plaintiffs have failed to assert any category of facts relevant to the Court's jurisdiction inquiry that are unclear or ambiguous.  As such, Plaintiffs' Motion for Limited Jurisdictional Discovery should be denied.

**II.    ARGUMENT**

The only issue before the Court on this motion is whether Plaintiffs have demonstrated that the facts related to this Court's jurisdiction over Restokraft are unclear or ambiguous.  But Plaintiffs have alleged only that Restokraft sells its mattresses to an independent, third-party --

1

U.S. Mattress -- who, in turn, sells the mattresses nationwide.  Plaintiffs' Motion, at 3-4.  In the detailed declarations of its president (attached hereto as Exhibits A and B, respectively), Restokraft established that U.S. Mattress is not a Restokraft distributor and that Restokraft has no involvement with U.S. Mattress' sale or delivery of mattresses to U.S. Mattress customers.  Restokraft also established that it sells only in Michigan and Ohio, and that sales elsewhere in the United States, including the Commonwealth of Virginia, are handled by other licensees of Serta, Inc.  Plaintiffs failed to establish that there is any ambiguity about Restokraft's activities.  Restokraft has affirmatively established that it does not conduct or direct any activities toward this forum, and Plaintiffs have not questioned those assertions.  On this record, discovery is not necessary or warranted.

When "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."  *Carefirst of Maryland v. Carefirst Preganacy*¸334 F3d 390, 402 (4th Cir. 2003); *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir. 1983) (affirming denial of jurisdictional discovery when plaintiff offered nothing beyond bare allegations of contact with the forum).  And when discovery would amount to nothing more than a "fishing expedition," courts have likewise denied jurisdictional discovery *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

Further, even if Plaintiffs were permitted jurisdictional discovery, the discovery that they seek would be unavailing.  For example, Plaintiffs request discovery of mattresses sold by Restokraft in Virginia and any marketing directed at Virginia customers.  Plaintiffs' Motion at 5.  Restokraft's president, Lawrence Kraft, declared under oath that Restokraft has never sold a mattress to a customer in Virginia, and Restokraft's marketing efforts are only directed at Michigan and Ohio.  See Declaration of Lawrence Kraft dated July 20, 2009 at ¶4 (Exhibit A

hereto); Second Declaration of Lawrence Kraft dated August 27, 2009 at ¶3 (Exhibit B hereto).

Plaintiffs' proposed discovery is nothing more than a fishing expedition – an expedition that will uncover no additional facts to support Plaintiffs' claim of jurisdiction over Restokraft in this forum. *See Base Metal Trading v. Ojsc Novokuzentsky Aluminum Factory*, 283 F.3d 208 (4th Cir. 2002)("[w]here, as here, the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, we see no reason to overturn the district court's [finding of no personal jurisdiction]").

### III.  CONCLUSION

Plaintiffs fail to demonstrate that any discovery that they seek would clarify or alter the jurisdictional facts already specifically addressed by Restokraft. For each of the foregoing reasons, Restokraft respectfully requests this Court to deny Plaintiffs' Motion for Limited Jurisdictional Discovery.

September 14, 2009                               By     /s/  Richard Young

> Richard Young (admitted *pro hac vice*)
> richard.young@quarles.com
> Nicole M. Murray (admitted *pro hac vice*)
> nicole.murray@quarles.com
> Wendy Akbar (admitted *pro hac vice*)
> wendy.akbar@quarles.com
> Ryan M. Schultz (admitted *pro hac vice*)
> ryan.schultz@quarles.com
>
> QUARLES & BRADY LLP
> 300 N. LaSalle Street, Suite 4000
> Chicago, Illinois 60654
> Ph: (312)-715-5000
> Fax: (312)-715-5155
>
> James C. Turk, Jr.
> Harrison & Turk, P.C.
> 1007 East Main Street
> Radford, Virginia 24143-2968
> jimturk@aol.com
> Ph: (540) 639-9056
>
> Attorneys for Defendant
> Serta Restokraft Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, I electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record who are deemed to have consented to electronic service, and I hereby certify that the foregoing has been served on all other counsel of record by electronic mail, facsimile transmission and/or first calls on this date.

                                                                                             /s/ Richard Young
                                                                                                Richard Young